IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Bethany Boyd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| Valor Intelligent Processing, LLC. ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

NOW COMES the Plaintiff, Bethany Boyd, by and through undersigned counsel, and for her complaint against the Defendant, Valor Intelligent Processing, LLC, Plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

## III. PARTIES

4. Bethany Boyd ("Plaintiff") is a natural person who resides in Willard, MO.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Valor Intelligent Processing, LLC. ("VIP") is a foreign corporation engaged in the collection of consumer debt within the State of Missouri.

7. VIP is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. ALLEGATIONS

8. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. On or about March 5, 2021, Plaintiff retained legal counsel to assist in the resolution of several debts, including the debt alleged sought by VIP.

10. On or about March 9, 2021, an employee of VIP contacted Plaintiff by telephone to discuss a debt allegedly owed by Plaintiff.

11. During the call, Plaintiff informed the VIP employee that he was represented by counsel, provided his counsel's contact information, and requested that all further communication be directed to his counsel.

12. Notwithstanding, VIP initiated additional communications to Plaintiff directly, including but not limited to telephone calls made on March 10, 2021.

13. These communications by ICS violated 15 U.S.C. § 1692c(a)(2), in that VIP contacted a consumer after receiving notice that the consumer was represented by an attorney.

## V. PRAYER FOR RELIEF

WHEREFORE Plaintiff Bethany Boyd respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from VIP and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from VIP and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from VIP and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**By: /s/ Andrew M. Esselman**
Andrew M. Esselman # 64837
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
Telephone: 816-246-7800
Facsimile: 855-523-6884
andrewe@creditlawcenter.com
Counsel for Plaintiff